UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GLEN K. SIMPSON,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

No. CV-07-086-CI

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 14, 17.) Attorney Maureen Rosette represents Plaintiff; Special Assistant United States Attorney Leisa A. Wolfe represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

On March 5, 2004, plaintiff Glen K. Simpson (Plaintiff) protectively filed his applications for disability insurance benefits. (Tr. 53, 66.) Plaintiff alleged disability due to a back injury and pain with an onset date of April 12, 2003. (Tr. 66, 70.) Benefits were denied initially and on reconsideration. (Tr. 39,

43.)  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Richard Say on July 28, 2006. (Tr. 298-323.)  Plaintiff, who was present and represented by counsel, and vocational expert Fred Cutler testified.  The ALJ denied benefits and the Appeals Council denied review. (Tr. 4-7.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here.  At the time of the hearing, Plaintiff was 48 years old and had a high-school education. (Tr. 301.)  He was married and lived with his spouse. (Tr. 302.) Plaintiff had served in the military and received $700.00 a month in disability benefits from the Veterans Administration.  (Tr. 307.) He had past relevant work as a retail store manager, cashier and stock clerk. (Tr. 314.)  He testified he could lift about 10 pounds on an occasional basis, could bend occasionally, could stand for 10 minutes and sit for about 15 minutes to an hour before he had to move around, could walk about a mile before the pain became too bad, and could sit in a car for about an hour before his back started hurting. (Tr. 304-11.)  Plaintiff also testified he walked the dog, did some household chores and short tasks in the yard, and watched televison during the days. (Tr. 305-06.)  He took medication for sleep, diabetes, blood pressure, high cholesterol and pain. (Tr. 294.)

**ADMINISTRATIVE DECISION**

At step one, ALJ Hood found Plaintiff had not engaged in

substantial gainful activity since the alleged onset date. (Tr. 17.) At steps two and three, he found Plaintiff had the severe impairment of degenerative disc disease of the lumbar spine, which did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 17, 19.) The ALJ found Plaintiff's statements regarding limitations caused by his impairment symptoms were not totally credible. (Tr. 20.) At step four, he determined Plaintiff had a residual functional capacity (RFC) for "light" work with several postural limitations. (Tr. 19.) The ALJ concluded Plaintiff could perform his past relevant work as a cashier/checker and could adjust to other work that exists in significant numbers in the national economy. (Tr. 20-21.) The ALJ determined Plaintiff was not under a disability as defined in the Social Security Act at any time through the date of his decision. (Tr. 22.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility,


> resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not

substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he (1) found Plaintiff had no severe mental impairments at step two; (2) rejected psychologist Dennis R. Pollack's findings that he had several marked limitations; (3) assessed Plaintiff's RFC; and (4) found Plaintiff not entirely credible. (Ct. Rec. 15 at 12-18.)

**DISCUSSION**

**A. Credibility**

At the hearing, Plaintiff testified he did some household chores, and did short tasks in his yard. He drove but seldom went shopping because it was painful to stand for any length of time. (Tr. 305-06.) He stated he watched six to seven hours of television a day, sitting for anywhere between 15 minutes to one hour before he had to change positions. (Tr. 309.) He stated he could drive, walk

a mile, could bend on occasion, lift about 10 pounds on an occasional basis, and sit in a car for about one hour. He testified he slept poorly due to leg cramps and pain. (Tr. 309-10.)

In his decision, the ALJ found:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statement concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Tr. 20.) Plaintiff correctly argues the ALJ did not provide legally sufficient reasons for rejecting his testimony. (Ct. Rec. 15 at 18-10.)

In *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002), the court found when an ALJ finds the claimant's statements as to the severity of impairments and limitations is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the reviewing court to conclude the ALJ did not arbitrarily discredit claimant's allegations. The ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness, inconsistencies either in his allegations of limitations or between his statements and conduct, his daily activities and work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *See Morgan*, 169 F.3d at 600. If there is no affirmative evidence that the claimant is malingering, the ALJ

must provide "clear and convincing" reasons for rejecting the claimant's allegations regarding the severity of symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

Here, the ALJ gave no cogent reasons for discrediting Plaintiff's allegations and did not specify what statements were unreliable. Where the fact-finder has not asserted specific reasons, the court cannot assume a claimant's lack of credibility. *See Connett v. Barnhart*, 340 F.3d 871, 874 (2003); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Further, where the Commissioner fails to give "clear and convincing" reasons for rejecting a claimant's testimony, that testimony is credited as true. *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). If the improperly rejected testimony is credited, and it is clear from the record that Plaintiff is disabled, the court will not remand a case solely to allow the Commissioner to make new credibility findings. *Lester*, 81 F.3d at 834. However, if it is not clear from the record that Plaintiff is disabled as defined by the Social Security Act, or where evidence has been identified that may be a basis for a credibility finding, but the findings are not articulated, remand is the proper disposition. *Harman*, 211 F.3d at 1178*; Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990).

**B. Step Two: Severe Mental Impairment**

Plaintiff claims the ALJ improperly rejected the assessment of Plaintiff's mental functional capacity by Dr. Pollack, and that if credited, Dr. Pollack's opinions would support a finding of a severe mental impairment that caused "marked" limitations in Plaintiff's

ability to perform basic work related functions on a regular basis. Plaintiff argues this would lead to a determination of “disabled,” based on the vocational expert’s testimony. (Ct. Rec. 15 at 16; Tr. 322.)

To satisfy step two’s requirement of a severe impairment, the Plaintiff must establish the existence of a mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; Plaintiff’s own statement of symptoms alone will not suffice. 20 C.F.R. § 404.1508. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 404.1529. However, an overly stringent application of the severity requirement violates the statute by denying benefits to claimants who do meet the statutory definition of disabled. *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994). Thus, the Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe *only* when evidence establishes a “slight abnormality” on an individual’s ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*citing Social Security Ruling* (*SSR*) 85-28). The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

A mental impairment generally is considered non-severe for purposes of step two if the degree of limitation in the three functional areas of activities of daily living, social functioning, and concentration, persistence or pace is rated as "none" or "mild"

and there have been no episodes of decompensation. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

Dr. Pollack completed a psychological evaluation and Mental Medical Source Statement (MSS) in July 2006. (Tr. 2284-93.) At the interview, Plaintiff reported he could not work because of diabetes, depression and anxiety. (Tr. 285.) In the MSS, Dr. Pollack assessed no limitations in the majority of mental activities listed. (Tr. 290-91.) The two areas in which he found "marked" limitations were: "the ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances," and "the ability to complete a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (Id.)

Case law requires the uncontroverted opinions of examining physicians be rejected only with "clear and convincing" evidence. *Lester*, 81 F.3d at 830. To meet this burden, the ALJ can set out a detailed and thorough summary of the facts and conflicting clinical evidence, state his interpretation of the evidence, and make findings. *Thomas*, 278 F.3d at 957. The ALJ is not required to accept the opinion of a treating or examining physician if that opinion is brief, conclusory and inadequately supported by clinical findings. *Id.* The opinions of an examining physician who examined plaintiff only once are insufficient to outweigh the opinion of a treating physician who cared for Plaintiff over a period of time and who provided an opinion supported by explanation and treatment records. *Holohan*, 246 F.3d at 1207.

The ALJ thoroughly discussed the psychological evaluation, noting that Plaintiff had traveled to Europe in 2005, and that Dr. Pollack expressed surprise "that the claimant reported 'severe depression and anxiety as well as having no income and he is able to travel throughout Europe in 2005.'" (Tr. 18, 289.) The ALJ assigned no weight to this evaluation because "of various inconsistencies in the report and accompanying Mental Medical Source Statement." (Tr. 19.) He reasoned that the primary diagnosis of polysubstance abuse, in remission, could not be the basis for "marked" limitations because that abuse occurred "at least 17 yeas ago" according to Plaintiff's own report. *(Id.)* The ALJ also rejected limitations caused by diabetes because the medical condition was outside the scope of Dr. Pollack's expertise, and the record indicated Plaintiff was non-compliant with treatment and improved significantly when treated. (Tr. 19, 210, 263, 268.) Other reasons given by the ALJ for rejecting the examining psychologist's report were "no evidence of longitudinal history of diagnoses or treatment" to establish the durational requirement of 12 months, and no evidence of hospitalization or treatment of psychological problems. (Tr. 19.) These are "clear and convincing" reasons, supported by the record, for rejecting Dr. Pollack's opinions.

For example, the record shows that Plaintiff did not list a mental condition as a reason for being unable to work in his application. (Tr. 70.) Medical records from July 2003, indicate Plaintiff had "not had any treatment for depression during the last year." (Tr. 220.) Progress notes from the Veteran's Administration

(VAMC) for June 2004, state Plaintiff reported he took medication for depression (Tr. 213), but there was no anti-depressant in the list of medications. (Tr. 210.) In Plaintiff's October 2004, Function Report, he mentions "trouble with depression," and a prescription drug (Amitriptyline) for depression. (Tr. 119.) Records thereafter, however, do not indicate a diagnosis or treatment for depression or other mental condition. In March and September 2004, treating physician Alex MacKay, M.D., opined Plaintiff could not do his prior work, but recommended retraining in an occupation that involved a sit/stand alternative and limited repetitive lifting. Dr. MacKay reported Plaintiff also wanted rehabilitation in this type of work. (Tr. 232, 235.)

At the hearing, Plaintiff stated he had had some depression, but was not being treated. (Tr. 303.) He did not report disabling psychological symptoms in his testimony. Further, the list of medications submitted at the time of the hearing did not include anti-depressants or other treatment for emotional problems. (Tr. 294.) Clinical notes from Dr. MacKay and the VAMC do not indicate mental health conditions affected Plaintiff's ability to work.

Although the step two analysis is a *de minimus* screening to exclude frivolous claims, the existence of an impairment at step two cannot be established on the basis of symptoms alone. *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005); *SSR* 96-4p. In *Ukolov,* the court quoted *SSR* 96-4: "[R]egardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective

medical abnormalities." Because the ALJ properly rejected Dr. Pollack's diagnoses and functional limitations, and because the record does not include objective evidence of a mental disorder that significantly limits his ability to perform basic work activities and which "has lasted or can be expected to last for a continuous period of not less than 12 months," the Plaintiff has not met his burden at step two to establish a severe mental impairment. 42 U.S.C. §§ 423 (d)(1)(A); *Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003).

The evidence viewed in its entirety reasonably supports the ALJ's finding of no severe mental impairment. *Tackett*, 180 F.3d at 1097. The ALJ did not err in his rejection of Dr. Pollack's opinions. Consequently the ALJ did not err in omitting mental limitations in his RFC findings and hypothetical question to the vocational expert.

**C. Residual Functional Capacity Findings**

At step four, the ALJ determined Plaintiff had a RFC for "light exertion level work activities, requiring only occasional bending, stooping, crouching, crawling, kneeling, balancing, or climbing of ramps and stairs, but no ropes, ladders or scaffolding." (Tr. 19.) Crediting the Plaintiff's improperly rejected testimony that he could only lift 10 pounds occasionally, stand for 15 minutes, and sit 15 minutes to one hour before he had to move around, (Tr. 304-05, 308-10), the RFC findings are not supported by substantial evidence.[1]

---

[1] "Light work" involves lifting no more than 20 pounds at a time with <u>frequent</u> lifting or carrying objects weighing up to 10

Further, at step five, the ALJ's second hypothetical to the vocational expert described an individual who could perform repetitive lifting of ten to twenty pounds and standing at 15-minute intervals for six hours in an eight-hour day. (Tr. 316.) The vocational expert testified that there would be unskilled jobs at the "light" level with the flexibility of sitting or standing. (Tr. 319.) It appears the ALJ relied on this testimony in his step five finding. (Tr. 21) Because the second hypothetical did not include a lifting limitation of 10 pounds occasionally, the vocational expert's testimony that there are jobs Plaintiff could perform has no evidentiary value. *Embrey v. Bowen*, 849 F.2d 418, 422-23 (9th Cir. 1988). The vocational expert did not opine whether there were

---

pounds, and a good deal of walking or standing. Light work may also involve sitting most of the time, but with "some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work." However, relatively few unskilled light jobs entail working in a seated position. *SSR* 83-10. "Occasional" means very little, up to one third of the time (about two hours of an eight hour work day). *Id*.

"Sedentary work" involves

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files and small tools. Although sitting is involved, a certain amount of walking and standing is often necessary in carrying out he job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. Work performed primarily in a seated position entails no significant stooping.

*Id*. Good use of the hands and fingers for repetitive hand-finger actions is required generally in unskilled sedentary jobs. *Id*.

sedentary jobs that the Plaintiff could perform.

**D.   Remedy**

As discussed above, even if the Plaintiff's testimony is credited, it is not clear from the record that Plaintiff is disabled as defined by the Social Security Act; therefore, remand for additional proceedings is appropriate. *Harman*, 211 F.3d at 1178. On remand, the ALJ shall conduct a new sequential evaluation, including but not limited to reevaluation of Plaintiff's credibility, residual functional capacity and new vocational expert testimony.  The Plaintiff may submit additional evidence of mental impairments for the relevant period.  Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **GRANTED**.  This matter is remanded to the Commissioner for additional proceedings pursuant to sentence four of 42. U.S.C. § 405(g) and the decision above;

2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 17)** is **DENIED;**

3.   An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED December 17, 2007.


                    S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE